MEMO ENDORSED

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

December 3, 2020

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/7/2020

<u>Via ECF</u>
Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *Martinez v. United States of America et al.*, 20 Civ. 7275 (VEC)

Dear Judge Caproni:

      This Office represents the United States of America (the "United States" or the "government") in the above-referenced action. Plaintiff Richard Martinez ("Plaintiff") asserts claims under the Federal Tort Claims Act, *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and state law stemming from medical treatment Plaintiff received at the Metropolitan Correctional Center ("MCC") and from other, nongovernmental medical providers.

      The government writes respectfully in response to Plaintiff's letter dated December 2, 2020, Dkt. No. 46, and the Court's order dated December 3, 2020, Dkt. No. 47, to clarify that in the government's view, service is not complete as to the individual defendants. Additionally, the individual defendants will need sufficient time to seek representation from the Department of Justice ("DOJ"). Last, in order to align litigation deadlines, the United States requests that its response deadline be further extended and the January 8, 2021, conference be adjourned.

      In his letter, Plaintiff asserted that "service has been completed as to all parties whose identity and addresses are reasonably identifiable," and that "answers [are] due as to the remaining defendants on January 4, 2021," Dkt. No. 46, relying on waivers of service as to defendants Robert Beaudouin, M.D.; Mandeep Singh, P.A.; and Yoon Kang, P.A., *see* Dkt. Nos. 43-45. (Plaintiff has not indicated he served the defendant identified in the complaint as "Warden MCC.") Based on Plaintiff's letter, the Court set a deadline of January 4, 2021, for a response to the complaint for the United States and the other federal defendants, and scheduled a conference for January 8, 2021, at 12:30 p.m. Dkt. No. 47.

      **1.  Representation for the Individual Federal Defendants Requires DOJ Review and Approval**

      As an initial matter, this Office does not currently represent defendants Beaudouin, Singh, and Kang, who will need sufficient time to allow them to request representation from DOJ. We have been advised that the Bureau of Prisons is currently preparing requests for representation for the individual defendants pursuant to 28 C.F.R. § 50.15(a). In the event that representation were approved, this Office will need time to confer with the individual defendants and to prepare their responses to the complaint. We anticipate that the individual defendants

would need time beyond Plaintiff's proposed deadline of January 4, 2021, to take these steps.

This Office again reserves all rights and defenses in this matter on behalf of the individual federal defendants, including as to service. This Office cannot appear substantively on behalf of these defendants until a final determination is made as to whether they will receive DOJ representation.

### 2. Service Has Not Been Properly Effected on the Individual Defendants

Moreover, in the government's view, the individual defendants' time to respond has not begun to run because Plaintiff has not properly effected service against the individual federal defendants, based on the information on the docket and the government's records. As a result, any response by the individual federal defendants will not be due for at least another 60 days. *See* Fed. R. Civ. P. 12(a)(3).

Under Federal Rule of Civil Procedure 4(i), "[t]o serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf . . . , a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3).[1]

The Second Circuit has held that "an individual defendant in a *Bivens* action is incapable of waiving service on the United States under Federal Rule of Civil Procedure 4(i)." *Kurzberg v. Ashcroft*, 619 F.3d 176, 186 (2d Cir. 2010). Accordingly, Plaintiff's receipt of a waiver of service from individual *Bivens* defendants does not excuse him from the requirement of service on the U.S. Attorney's Office as to each of the *Bivens* defendants under Rule 4(i)(1), (3). To the knowledge of the undersigned, Plaintiff has not effected such service to date.[2]

As the Second Circuit has explained, "[t]he requirement of serving process on the United States in a *Bivens* action protects interests of the United States separate and apart from those of the individual defendant who may be said to have waived service . . . . 'Service on the United States will help to protect the interest of the individual defendant in securing representation by the United States, *and* will expedite the process of determining whether the United States will provide representation.'" *Kurzberg*, 619 F.3d at 186 (citing Fed. R. Civ. P. 4, advisory committee's note to 2000 amendment) (emphasis in *Kurzberg*).

Rule 12 provides that *Bivens* defendants must respond to a complaint "within 60 days after service on the officer or employee *or service on the United States attorney, whichever is later*." Fed. R. Civ. P. 12(a)(3) (emphasis added). Accordingly, these defendants' time to answer has not yet begun to elapse, as Plaintiff has not shown compliance with the remaining

---

[1] The government notes that the waiver-of-service rules under Fed. R. Civ. P. 4(d) apply to parties "subject to service under Rule 4(e), (f), or (h)," rather than Rule 4(i).

[2] As stated in the government's prior letter, Plaintiff served a summons as to the United States on the U.S. Attorney's Office on September 21. *See* Dkt. Nos. 13, 27. However, based on the records in the file, the Office was not served with summonses as to the individual federal defendants. *See* Dkt. Nos. 14-16.

service requirements of Rule 4(i).  Rather, the individual defendants' answer deadline will fall 60 days after service of process on the U.S. Attorney's Office with respect to those defendants.

### 3. The United States Requests an Extension of Its Answer Deadline and an Adjournment of Conference Set for January 8, 2021

Last, the United States respectfully requests that the Court continue to extend its time to respond to the complaint to align the federal defendants' response dates and synchronize any motion practice.  For similar reasons, the United States respectfully requests that the conference now scheduled for January 8, 2021, be adjourned until after the deadline for the United States' and other federal defendants' responses to the complaint.

In sum, the United States respectfully requests that the Court issue an order: (1) directing that the individual federal defendants' responses to the complaint will be due 60 days from the completion of service as to those defendants; (2) further extending the United States' response deadline to the same date as the individual federal defendants' response deadline; and (3) adjourning the initial conference until after responses to the complaint are due.

The United States made one prior request to adjourn the initial conference and extend deadlines in this matter, which the Court granted.  Dkt. Nos. 40-41.  We have conferred with Plaintiff's counsel regarding the service issues identified herein.  Plaintiff's position is that "service was properly made on the United States and on the individual defendants," but that Plaintiff intended to re-serve the United States today "[o]ut of an abund[a]nce of caution." Plaintiff's counsel further advised that Plaintiff does not consent to the government's request for an extension or an adjournment of the January 8 conference, in light of Mr. Martinez's health. The government notes that it has offered to conduct an early deposition of Mr. Martinez if his health condition requires it, but to date Plaintiff's counsel has not pursued the matter.

Thank you for your consideration of this matter.

> Respectfully submitted,
>
> AUDREY STRAUSS
> Acting United States Attorney for the
> Southern District of New York
>
> By:   /s/ Samuel Dolinger
> SAMUEL DOLINGER
> TALIA KRAEMER
> Assistant United States Attorneys
> 86 Chambers Street, 3rd Floor
> New York, New York 10007
> Tel.:  (212) 637-2677/2822
> E-mail:  samuel.dolinger@usdoj.gov
>            talia.kraemer@usdoj.gov

cc: Counsel of record (via ECF)

Application GRANTED in part and DENIED in part.  The federal defendants must respond to the Complaint not later than 60 days after Plaintiff's recent "re-service" on the United States as to the individual defendants is complete.  Plaintiff must promptly file an affidavit of service after successfully completing service on the United States as to the individual federal defendants.  Defendant United States' time to respond to the Complaint is also extended to 60 days after service on the individual federal defendants is complete.

The Court denies Defendant United States' request to adjourn the IPTC scheduled for January 8, 2021.  Given Defendant United States' extensive notice of the issues in this case and its need to defend at least itself and likely certain individual defendants, the Court does not believe that an adjournment of the IPTC until after the federal defendants have responded to the Complaint is necessary.  Defendant United States is urged to expeditiously confirm its representation of the individual federal defendants.  Plaintiff is urged to consider working with Defendants to expedite his deposition considering his current health conditions.  The parties' joint letter and proposed Case Management Plan remain due December 31, 2020.

SO ORDERED.

*[signature]*  12/7/2020

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE